[No. 157-41080-1.     Division One.     April 13, 1970.]
Panel 1

TYNE MARIE CHRISTMAN, *Respondent*, v. GENERAL CONSTRUCTION Co., *Appellant*.

*Murray, Dunham & Waitt* and *Robert K. Waitt*, for appellant.

*Merges, Brain, Youngberg, Kelleher, Allen & Larson* and *G. Robert Brain*, for respondent.

FARRIS, J.—Tyne Marie Christman was the owner of the stern-wheeler vessel "Skagit Belle" which sank while moored on the Seattle waterfront. She instituted an action against the defendant General Construction Company seeking damages in excess of $100,000, arising out of the sinking.

The jury was unable to reach a verdict in the original action. The cause is pending as King County Cause No. 638616.

In a different King County action, Household Finance Corporation obtained a judgment against Mrs. Christman (and her former husband) for $1,040. The Household judgment was purchased by Cascade Mortgage Company. To satisfy this judgment, Cascade initiated action which culminated in a sheriff's sale on November 30, 1967, at which time Cascade purchased Mrs. Christman's interest in her action against General Construction Company for $25.

On December 11, 1967, by agreement of Mrs. Christman's attorney, an order was entered substituting Cascade Mort-

gage Company as a party plaintiff in the action against General Construction Company. Cascade thereafter conveyed its rights in that action to one Maida Holden who on May 24, 1968, entered into a settlement of the action for $3,250.

The trial court upon motion by Tyne Marie Christman entered an order on March 14, 1969, which set aside the sheriff's sale. On the same date, the trial court entered an order setting aside the order of December 11, 1967, and restoring Tyne Marie Christman as owner of the cause of action. No appeal was made from the order setting aside the sheriff's sale. The defendant General Construction Company has appealed the order restoring Mrs. Christman as owner of the cause of action and holding that the settlement between Cascade Mortgage Company, through its assignee, and General Construction Company was null and void.

The question is whether the trial court can set aside the agreed order substituting plaintiffs because of an irregularity in the sheriff's sale since General Construction Company was not a party to the sheriff's sale. It is argued (1) that Mrs. Christman, by agreeing through her counsel to the order of December 11, which substituted plaintiffs, waived her right to later object and (2) even if such a right existed after a substitution was made, it was waived by failure to object during the approximate 5-month period between the entry of the order of December 11 and the settlement.

The appellant urges that the doctrine of equitable estoppel should apply to preclude the restoration of Mrs. Christman as party plaintiff. We do not agree.

■ The doctrine of equitable estoppel is available to an innocent party who has been induced to change his position to his prejudice. *See Strand v. State,* 16 Wn.2d 107, 132 P.2d 1011 (1943). The record indicates that the appellant was not an innocent party nor was he induced to change his position.

The sheriff's sale was effectively set aside. There was no appeal from that order. Mrs. Christman, by agreeing through her counsel to the order of December 11, which substituted parties plaintiff, was not precluded from being restored as plaintiff, upon a proper showing.

Affirmed.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied July 21, 1970.